UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN NAYLOR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONALD WILLIAMS, )<br>)<br>Defendant. ) | No. 1:19-cv-03761-JRS-MPB |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT &
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

John Naylor, an inmate at Pendleton Correctional Facility (Pendleton), has sued Lt. Donald Williams for violating Naylor's First Amendment rights by retaliating against him and for violating Naylor's Eighth Amendment rights by exhibiting deliberate indifference to his need for prescription medication. Defendant Williams moved for summary judgment. Dkt. 29. In response, Naylor also moved for summary judgment. Dkt. 33. Defendant Williams responded. Dkt. 37. Naylor did not reply and the time to do so has passed. The motions are ripe for review. For the reasons explained below, the defendant's motion for summary judgment, dkt [29], is **granted** and the plaintiff's motion for summary judgment, dkt. [33], is **denied**.

**I. Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the

record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

When reviewing cross-motions for summary judgment, all reasonable inferences are drawn in favor of the party against whom the motion at issue was made. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018) (citing *Tripp v. Scholz*, 872 F.3d 857, 862 (7th Cir. 2017)). The existence of cross-motions for summary judgment does not imply that there are no genuine

2

issues of material fact. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Engineers, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003).

The Court cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). However, if the non-movant's evidence is "merely colorable" or "not significantly probative," then there is no genuine issue for trial and summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

## II. Undisputed Facts

The following statement of facts was evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to the non-moving party with respect to each motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Naylor previously sued defendant Williams in case number 1:17-cv-02379-JRS-DML. That case was resolved with a written settlement agreement signed on March 5, 2019. Dkt. 31-2. Naylor then filed this case on September 9, 2019, asserting that, in 2018, Williams denied him his keep on person medications and retaliated against him for filing the first suit by telling other inmates he was an informant, threatening him, and otherwise harassing him. The settlement agreement in case number 1:17-cv-02379-JRS-DML stated:

> FOR THE SOLE CONSIDERATION OF five thousand and 00/100 dollars ($5,000.00) payable to me, and non-monetary terms of this settlement as listed below, I, John Naylor [hereinafter referred to as Releasor], do hereby release and acquit forever Lt. Donald Williams, the State of Indiana, the Indiana Department of Correction, the Pendleton Correctional Facility and all their present and former officers, agents and employees [hereinafter referred to as Releasees] from any and all actions of any kind or nature whatsoever; causes of action, claims,

>           demands, grievances, charges, liens, liabilities, damages, costs
>           (including, but not limited to, all attorney fees and costs), interest,
>           loss of services, expenses and compensation, including, but not limited
>           to, on account of, or in any way growing out of any known and unknown
>           personal injuries, losses and property damage, and injuries to
>           constitutional and/or statutory and/or common law rights, all as alleged
>           in the cause of action styled *Naylor v. Williams, Case No. 1:17-cv-
>           02379-JRS-DML*, now pending before the United States District Court
>           for the Southern District of Indiana, including without limitation any
>           claims, issues or legal costs that were or could have been raised in
>           said lawsuit. I agree to dismiss the action against all parties upon
>           receipt of the money stated in this settlement.

*Id*.

### III. Discussion

Settlement agreements in federal cases, such as the one at issue here, are governed by state contract law. *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007). In Indiana, settlement agreements are generally enforceable. *Zimmerman v. McColley,* 826 N.E.2d 71, 76–80 (Ind. Ct. App. 2005).

Naylor does not dispute that he signed the settlement agreement in case number 1:17-cv-02379-JRS-DML. But he argues that "the settlement contract didn't invite Lt. Williams to obstruct his rights to 1st Amendment activities or to invite 8th Amendment violations of Cruel and Unusual punishment." Dkt. 34 at 8. The Seventh Circuit has noted that "agreements that release parties from future liability generally are not favored." *Crosby v. City of Chicago*, No. 18 C 4094, 2018 WL 6198483, at *7 (N.D. Ill. Nov. 28, 2018). But the retaliation claim at issue here was not a future liability at the time Naylor executed the settlement agreement. Naylor signed the settlement agreement approximately ten months after Lt. Williams' alleged deliberate indifference had occurred and approximately seven months after his alleged retaliation. The plain language of the settlement agreement released Lt. Williams from liability from any claims against him arising before March 2019, including the alleged retaliation and deliberate indifference in 2018.

4

Naylor was aware of the existence of the deliberate indifference and retaliation claims when he signed the settlement agreement. He was represented by counsel when he negotiated the settlement. He has not put forth any argument why he should not be bound by the settlement agreement and the Court discerns none in the record. Naylor's claims against Lt. Williams are barred by the settlement agreement the parties previously entered.

### IV. Conclusion

The defendant is entitled to judgment as a matter of law. His motion for summary judgment, dkt. [29], is **granted** and the plaintiff's motion for summary judgment, dkt. [33], is **denied.** Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 3/22/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN NAYLOR
128761
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Michael J. Blinn
INDIANA ATTORNEY GENERAL
michael.blinn@atg.in.gov